IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

KNG, INC.,
d/b/a KLUPENGER NURSERIES INC.

Case No. 6:18-cv-00189AA

**OPINION AND ORDER**

Plaintiff,

v.

FIRST BANK & TRUST,
d/b/a FIRSTLINE FUNDING GROUP

Defendant.

AIKEN, Judge:

In this action, plaintiff KNG, Inc. ("KNG") asserts a number of claims related to the alleged breach of a series of shipping contracts. Plaintiff claims relief for unjust enrichment, money had and received, and common law indemnification. Defendant First Bank & Trust ("First Bank") moves to dismiss all of plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(6) under the doctrines of claim and issue preclusion. (doc. 3). For the reasons set forth below, defendant's motion is granted, and this action is dismissed.

///

///

Page 1 – OPINION AND ORDER

## BACKGROUND

For the purposes of considering the motion to dismiss, plaintiff's allegations in its complaint are accepted as true.[1] Plaintiff is a nursery and ornamental plant distributor incorporated in the State of Oregon. Prior to 2012, Plaintiff entered into a series of shipping contracts with United Distribution Services, Inc. ("UDS") who arranged for transportation of plaintiff's goods throughout the United States. Plaintiff contracted for compensation to UDS through defendant First Bank.[2] Under the terms of the contract, either UDS or First Bank was to pay shipping agents on behalf of plaintiff. When plaintiff discovered that neither UDS nor First Bank had made certain payments to plaintiff's shipping vendors as proscribed, plaintiff made repeated demands that the funds be remitted or paid to the shipping vendors. Plaintiff alleges that those defendants did not remit the funds or tender payments to the shipping vendors. Further, neither UDS nor First Bank provided plaintiff with requested documentation regarding the disputed transactions and disposition of the funds tendered to defendants by plaintiff.

In November 2012, plaintiff instituted an action (the "2012 suit") against UDS and First Bank in Multnomah County Circuit Court. Plaintiff included in the action Bardue Transportation

---

[1] Although district courts ordinarily may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion, they may take judicial notice of documents referenced in the complaint, pleadings from other relevant proceedings, as well as matters in the public record, without converting a motion to dismiss into one for summary judgment. *Intri–Plex Techs., Inc. v. Crest Grp., Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007). Defendant requests that this Court take judicial notice of documents related to prior proceedings between both parties to the present suit. *See KNG, Inc. v. United Distribution Services, Inc.*, Multnomah County Circuit Court Case No. 1211-14979 and *KNG, Inc. v. First Bank and Trust*, Multnomah County Circuit Court Case No. 17CV37923. These documents include the complaint, signed order of default, general judgment with money award, and motion to correct judgment from the 2012 suit and the complaint, general judgment of dismissal, and order denying motion to reinstate from the 2017 suit. Def.'s Mot. Dismiss 3. No party has objected to the submissions. The Court concludes that the documents are appropriate subjects for judicial notice, referencing such in development of the present factual and procedural record.

[2] The November 21, 2012 and the September 5, 2017 complaints refer to defendant First Bank and Trust as "Firstline."

Services, Inc. ("BTS"), an alleged continuation business of UDS, Baxter Baily & Associates, Inc. ("BBA"), an assignee of two debts relevant to the disputed contracts, and Lukas Bardue ("Bardue"), the alleged owner of UDS and BBA. Plaintiff raised claims for breach of contract against UDS, BTS, and Bardue, breach of fiduciary duty and indemnification against UDS, BTS, Bardue, and First Bank, sought declaratory judgment against all defendants, and declaratory judgment for veil piercing against UDS, BTS, and Bardue. Plaintiff claimed economic damages in the sum of $95,000 plus prejudgment interest of 9% per annum from July 1, 2012 until paid in full. *Id.* at ¶ 35.

On February 27, 2015, the Multnomah County Circuit Court issued a default judgment in favor of plaintiff on plaintiff's claims for breach of contract, breach of fiduciary duty, indemnification/contribution, and veil piercing as against defendants Bardue, UDS, and BTS. Monetary damages were awarded to plaintiff against Bardue, UDS, and BTS in the amount of $95,000 with costs pursuant to Oregon Rules of Civil Procedure ("ORCP") 68. Stein Decl. Ex. 3, 3:5, 3:9-10. The judgment also entitled plaintiff to pre-judgment interest in the amount of $20,918.21 and post-judgment interest of 9% per annum from entry of judgment until paid in full. *Id.* at 3:6-8. On June 21, 2016, more than one year after the default judgment was entered, plaintiff filed a motion to correct the judgment pursuant to ORCP 71A. Plaintiff averred that, although First Bank was subject to the judgment previously submitted to the court for signature, that judgment was never signed and First Bank was omitted from the final judgment. Court records reveal that the motion was neither granted nor denied by the circuit court. No additional actions have been taken by the parties with respect to the judgment against Bardue, UDS, and BTS.

Page 3 – OPINION AND ORDER

In September 2017, plaintiff initiated another action (the "2017 suit") against defendant asserting claims for unjust enrichment and money had and received. Plaintiff again claimed economic damages in the sum of $95,000 plus prejudgment interest of 9% per annum from July 1, 2012 until paid in full, attorney fees and associated costs, and any equitable relief granted at the court's discretion. Stein Decl., Ex. 6, ¶ 12.

The Circuit Court dismissed the action for failure to prosecute on December 28, 2017. Plaintiff filed a motion to vacate the judgment of dismissal on January 26, 2018. Following briefing by both parties and a hearing, plaintiff's motion was denied.

Plaintiff filed the present Complaint before this Court on January 30, 2018. The facts alleged arise from the same transactions underlying plaintiff's claims in both the 2012 and 2017 suits, namely, that plaintiff entered into a series of contracts with UDS and that defendant, acting as the factoring agent, failed to pay the shipping agents on behalf of plaintiff. Plaintiff claims that defendant's nonpayment of the shipping fees entitle it to relief for unjust enrichment, money had and received, and indemnification in money damages amounting to $95,000 plus prejudgment interest from July 1, 2012 until paid in full. *Id.* at ¶ 8, 11, 12, 19. Defendant now moves this Court to dismiss the action under the doctrines of claim and issue preclusion.

## STANDARDS

Courts must dismiss an action when the plaintiff "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A court considering a motion to dismiss for failure to state a claim construes the complaint in favor of the plaintiff and takes the complaint's factual allegations as true. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). "[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the

plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Dismissal under Rule(12)(b)(6) is proper only when the complaint either (1) lacks a cognizable theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013).

## DISCUSSION

Defendant asserts that claim preclusion requires dismissal of the present action because the claims asserted here are based on the same factual transactions underlying both the 2012 and the 2017 suits. Defendant further contends that the 2015 general default judgment in plaintiff's favor constitutes a final judgment precluding plaintiff from now relitigating those claims and recovering additional or alternative remedies.

"Under the doctrine of claim preclusion, a final judgment forecloses 'successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit.'" *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) (quoting New *Hampshire v. Maine*, 532 U.S. 742, 748 (2001)). In determining the preclusive effect of a state court judgment, federal courts follow the state's rules of preclusion. *White v. City of Pasadena*, 671 F.3d 918, 926 (9th Cir. 2012). In Oregon:

> [a] plaintiff who has prosecuted one action against a defendant through to a final judgment is barred ... from prosecuting another action against the same defendant when the claim in the second action is one which is based on the same factual transaction that was at issue in the first, seeks a remedy additional or alternative to the one sought earlier, and is of such a nature as could have been joined in the first action.

*Zybach v. Perryman*, 383 P.3d 314, 319 (Or. Ct. App. 2016) (quoting *Drews v. EBI Cos.*, 795 P.2d 531, 535 (Or. 1990)). "The burden to establish the requisite elements of issue or claim preclusion rests with the one seeking to invoke that rule." *D'Amico ex rel. Tracey v. Ellinwood*, 149 P.3d 277, 283 (Or. Ct. App. 2006) (citing *State Farm Fire & Cas. Co. v. Century Home Components, Inc.*, 550 P.2d 1185, 1188 (Or. 1976)).

Unlike issue preclusion, "claim preclusion requires neither that an issue of law or fact be actually litigated nor that the determination of an issue be essential to the final or end result of the proceedings." *Evangelical Lutheran Good Samaritan Society v. Bonham*, 32 P.3d 899 (Or. Ct. App. 2001) (citing *Drews*, 795 P.2d at 535) (internal quotations omitted). *Accord North Clackamas School Dist. v. White*, 752 P.2d 1210 (Or. 1988) (discussing issue preclusion, "[i]f a claim is litigated to final judgment, the decision on a particular issue or determinative fact is conclusive in a later or different action between the same parties if the determination was essential to the judgment"). "Where there is an *opportunity to litigate* a question along the road to the final determination of the action or proceeding, neither party may later litigate the subject or question." *Drews*, 795 P.2d at 535 (emphasis added).

Oregon courts rest claim preclusion law on policies that include "(1) achieving finality to a conclusion of a dispute, and (2) preventing splitting of that dispute into separate controversies." *Id.* In an effort to "protect limited dispute-resolution resources from repeated expenditure upon the same overall dispute... a valid and final personal judgment is conclusive between the parties, except on appeal or other direct review." *Id.* (citing Restatement (Second) of Judgments §§ 17, 18, 19 and 27 (1982)).

/ / /

/ / /

I.  *Effect of Default Judgment in the 2012 Suit*

It is undisputed that plaintiff's claims in the present lawsuit arise from the same factual transaction underlying the claims asserted in both the 2012 and 2017 suits. In the present suit, plaintiff claims money damages for unjust enrichment, money had and received, and common law indemnification in the amount of $95,000. To recover these damages would undisputedly amount to an additional or alternative remedy to that obtained in the default judgment of the 2012 suit. Finally, the present claims are of the nature that they could have, and indeed were, joined in the previous actions.

Hence, the relevant issue is whether the default judgment in the 2012 suit constitutes a valid and final judgment. Plaintiff avers that the 2012 default judgment cannot be construed as against defendant since defendant was omitted from the signed judgment. Although the procedural contours of the 2012 suit do convolute the assessment, I find both the Oregon statutory framework defining conclusiveness of judicial orders and the post-judgment actions of the Multnomah County Circuit Court to be compelling assertions of finality against defendant.

According to Or. Rev. Stat. § 43.130, the 2012, default judgment is cleanly construed as (1) a judgment (2) in a proceeding before a court or judge of this state (3) having jurisdiction (assumed, *arguendo*, at this juncture). That judgment is "in respect to the matter directly determined, conclusive between the parties... litigating for the same thing." Or. Rev. Stat. § 43.130(2).

Plaintiff brought the 2012 action against a number of parties, including defendant. Although defendant did not make an appearance in the 2012 suit, all matters before the circuit court included it as a defendant to the contract dispute. When the default judgment was issued, defendant was omitted. In its judgment, the Circuit Court found the evidence sufficient to "find

Page 7 – OPINION AND ORDER

in favor of plaintiff as [to] its claims for breach of contract, breach of fiduciary duty, indemnification/contribution, and veil piercing against defendants Lukas Bardue, United Distribution Services, Inc., and Bardue Transportation Services, Inc." Stein Decl., Ex. 3 at 1:22-25. Plaintiff later filed a motion to correct the judgment to include defendant, and the circuit court in its discretion denied to the request to amend. Although defendant was not listed on the final judgment list of debtors, the 2012 judgment is rightly construed as conclusive between the parties "litigating for the same thing" and, more persuasively, as "a judgment [in] favor of the plaintiff." Or. Rev. Stat. § 43.130(2). Restatement (Second) of Judgments § 17 (1982) (cited by *Drews*, 795 P.2d at 535).

Here plaintiff seeks to revive the opportunity to litigate a claim against defendant where an opportunity previously existed. "Well-settled principles of claim preclusions foreclose[ ] a party that has litigated a claim against another from further litigation on that same claim on any ground or theory of relief that the party could have been litigated in the first instance." *Lincoln Loan Co. v. City of Portland*, 340 Or. 613, 619-20 (Or. 2007) (citing *Bloomfield v. Weakland*, 339 Or. 504, 511 (Or. 2005) (internal quotations omitted). Indeed the 2012 case involved a unique series of events resulting in a default judgment in favor of plaintiff. However, even in its obscurities, that action provided the *opportunity to litigate* plaintiff's claim of indemnification and the related claims of unjust enrichment and money had and received raised later in both the 2017 suit and in the present Complaint. To assert otherwise would undermine the varied procedural routes by which a claim is litigated to finality.

Plaintiff has a valid and final judgment in its favor issued by a state court upon which it may act. The opportunity to litigate the present claims against defendant was present in that action and the trial court found sufficient evidence to award plaintiff damages of more than

$100,000 against three of the five defendants to that suit. In denying plaintiff's request to amend, the circuit court affirmed its judgment as against the listed parties and this Court should not now upset that judgment. Moreover, Oregon's well-worn judicial framework provides routes for appeal by which disapproving parties may seek review of unfavorable decisions that *follow* a general judgment. *See* Or. Rev. Stat. § 19.205(3). Plaintiff has or had mechanisms at its disposal to appeal the trial court's denial of plaintiff's motion to correct the default judgment. *Id.* Additionally, dismissing the present case on the doctrine of claim preclusion does not bar KNG from seeking judicial enforcement of the 2012 judgment. Prudential considerations enumerated by Oregon courts further counsel that I dismiss an action that would upset a state court judgment pursuant to longstanding principles of finality.

I therefore conclude that defendant has met its burden to show that plaintiff has previously asserted a claim against First Bank arising from the same transactions underlying a previous suit, the result of which was a valid and final judgment in favor of plaintiff. It is both legally proper and judicially prudent to deny relitigation of that claim here.[3]

II. *Effect of Dismissal in 2017 Suit*

Under Oregon law, when "a court dismisses a plaintiff's action on a matter of procedure…without ruling as to the substantive validity of plaintiff's claim for relief, that dismissal will not generally…preclude subsequent action based on the same claim." *Cornus Corp. v. Geac Enterprise Solutions, Inc.*, 289 P.3d 267, 273 (Or. Ct. App. 2012) (quoting *Rennie v. Freeway Transport*, 656 P.2d 919, 925 (Or. 1982)). Plaintiff relies on ORCP 54(B) for its

---

[3] An affirmative finding of claim preclusion carries sufficient legal force to dismiss the claim in its entirety. As such and in the interest of judicial economy, I need not decide the application of issue preclusion to the present case.

assertion that Oregon law would not give preclusive effect to the 2017 judgment. That rule provides, in part:

> "(1) Failure to comply with rule or order. For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for a judgment of dismissal of an action or of any claim against such defendant.
> " * * * * *
> "(4) Effect of judgment of dismissal. Unless the court in its judgment of dismissal otherwise specifies, a dismissal under this section operates as an adjudication without prejudice."

ORCP 54(B). Plaintiff contends that, because the judgment of dismissal merely states that "[t]his action is dismissed," the judgment operates as an adjudication without prejudice and does not have claim-preclusive effect. Pl.'s Resp. Opp'n Mot. Dismiss, 2 (doc. 8). Applying Oregon common law, Oregon courts would not give preclusive effect to a prior judgment of dismissal for failure to prosecute or to comply with a court's order because it was not the product of a decision on the substantive merits of the dismissed claims. *Cornus*, 289 P.3d at 272. In this case, because the circuit court's dismissal of the action was not based on the substantive validity of plaintiff's claims, the judgment is not a decision "on the merits" and does not preclude this action under Oregon law. *Rennie*, 656 P.2d at 925.

However, this issue is not dispositive to the present motion, as the Court has already held that final Judgment in 2012 lawsuit has preclusive effect.

///

///

///

///

///

///

## CONCLUSION

Defendant's Motion to Dismiss (doc. 3) is GRANTED. Accordingly, this case is DISMISSED.

IT IS SO ORDERED.

Dated this 27 day of July 2018.

_____
Ann Aiken
United States District Judge